IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| ERNEST LAROE MAY | § | |
|---|---|---|
| VS. | § | CIVIL ACTION NO. 9:13-CV-10 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ORDER OVERRULING OBJECTIONS AND
ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, Ernest Laroe May, an inmate confined at the Estelle Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The Court referred this matter to the Honorable Keith Giblin, United States Magistrate Judge, at Lufkin, Texas, for consideration pursuant to applicable laws and orders of this Court. The Magistrate Judge recommends the petition be denied.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, and pleadings. Petitioner filed objections to the Report and Recommendation of United States Magistrate Judge.[1] This requires a *de novo* review of the objections in relation to the pleadings and applicable law. *See* FED. R. CIV. P. 72(b).

Petitioner first argues that he did, in fact, exhaust his claim of a *Brady* violation in the state courts. *Brady v. Maryland*, 373 U.S. 83 (1963). The Court has also reviewed the state court records in the present case and cannot find a specific claim of a *Brady* violation. *See* docket entry no. 13-15, pgs. 19-26. As found by the Magistrate Judge, this claim is unexhausted and procedurally barred. *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1 (1991); *Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997). To the extent this claim could be considered exhausted, the claim lacks merit.

---

[1]Petitioner only specifically objects to a few findings by the Magistrate Judge. The majority of his "objections" either re-urge the same claims or attempts to add new claims.

To prevail on a *Brady* claim, a petitioner must prove the prosecution suppressed evidence that is materially favorable to the accused, either because it is exculpatory or impeaching. *Stickler v. Greene*, 527 U.S. 263, 281-82 (1999); *Dickson v. Quarterman*, 462 F.3d 470, 477 (2006). Petitioner appears to claim the prosecution withheld evidence from the defense and the jury when the victim and the eyewitnesses failed to specifically identify and point out petitioner directly as the perpetrator either before or during the trial. *See* Objections, docket entry no. 51, pg. 28. Both the victim and her sister, an eyewitness, testified at trial. The victim described the events as she recalled them and described the tattoos she believed the perpetrator had on his legs. The victim's sister, the eyewitness, also described the events as she recalled them but offered no traits or characteristics that might identify the perpetrator. Petitioner's complaint, in essence, is that neither the victim nor the eyewitness were ever asked by the prosecution to specifically identify petitioner as the perpetrator. As this relates to a potential *Brady* claim, the Court is constrained to find that the prosecution somehow withheld evidence when both the victim and eyewitness testified at trial and were subject to cross-examination. Petitioner's *Brady* claim lacks merit and petitioner's objections are overruled.

To the extent this claim relates more to an insufficiency of the evidence claim, the Twelfth Court of Appeals addressed this issue on direct appeal.[2] *May v. State*, No. 12-10-00284-CR (Tex. App. – Tyler, Mar. 31, 2011):

**Applicable Law**

> The State must prove beyond a reasonable doubt that the defendant is the person who committed the charged offense. *Johnson v. State*, 673 S.W.2d 190, 196-197 (Tex. Crim. App. 1984), *overruled on other grounds by Geesa v. State*, 820 S.W.2d 154 (Tex. Crim. App. 1991). Identity may be proved by direct or circumstantial evidence. *Earls v. State*, 707 S.W.2d 82, 85 (Tex. Crim. App. 1986). When there is no direct evidence of the perpetrator's identity elicited at trial, no formalized procedure is required for the State to prove identity as an element of an offense. *Roberson v. State*, 16 S.W.3d 156, 157 (Tex. App. – Austin 2000, pet. ref'd); *Sepulveda v. State*,

---

[2] May of petitioners' complaints and/or objections center around his belief that he had to be affirmatively identified by the victim prior to or during the trial. Related to this is petitioner's complaint that the police were inadequate in their investigation by failing to make the victim affirmatively identify him as the perpetrator and in conducting an alleged improper warrantless search and seizure. As addressed by the Magistrate Judge, the latter claim was not exhausted and is procedurally barred. Regardless, all of these claims relate to an insufficiency of the evidence argument which will be addressed below.

> 729 S.W.2d 954, 957 (Tex. App. – Corpus Christi, 1987, pet. ref'd). For the purpose of proving guilt beyond a reasonable doubt, direct and circumstantial evidence are equally probative. *McGee v. State*, 774 S.W.2d 229, 238 (Tex. Crim. App. 1989). The sufficiency of the evidence is determined from the cumulative effect of all the evidence; each fact in isolation need not establish guilt. *Alexander v. State*, 740 S.W.2d 749, 758 (Tex. Crim. App. 1987). The absence of in-court identification does not render the evidence insufficient if there is other evidence sufficient to identify the defendant as the perpetrator. *Couchman v. State*, 3 S.W.3d 155, 162 (Tex. App. – Fort Worth 1999, pet. ref'd).
>
> **Discussion**
>
> The victim's little sister pointed out to her father, K.O., the trailer that her sister had entered. After a great deal of knocking on the trailer door, his daughter emerged followed shortly by Appellant who told K.O. that nothing happened. However, this was only after K.O. had seen a white man running through the bedroom in shorts. Appellant admitted he had been wearing shorts that day. The two came to the door only after someone in the house had yelled that there was no Jane Doe in there. When her father asked her what she was doing in the trailer, Jane Doe told her father that "he gave me five dollars." Later, Appellant denied Jane Doe had ever been in his trailer
>
> The jury's refusal to believe Appellant's testimony is understandable and well warranted. His testimony contradicted not only that of the State's witnesses but also contradicted what he had previously claimed. Appellant admitted that he lied in the letters he wrote the judge. He admitted that he had never before mentioned Jason Wright's presence in the trailer to either the police or the judge. The jury was entitled to consider the Jason story as a fiction contrived in desperation.
>
> The father's testimony regarding the circumstances surrounding his discovery of his daughter in the trailer with Appellant, her explanation that she was there because "he gave me five dollars," which she still had, her description of Appellant's tattoos, and the photographs of the tattoos, taken together, are sufficient evidence to circumstantially prove that Appellant was the person who exposed himself and touched the child. Appellant's sole issue is overruled.

*Id*. Contrary to petitioner's belief, Texas state law does not require direct evidence only of a perpetrator's identity. *Earls v. State*, 707 S.W.2d 82, 85 (Tex. Crim. App. 1986).

On federal habeas corpus review, the evidentiary sufficiency of a state court conviction is governed by the legal-sufficiency analysis set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979),

which reflects the federal constitutional due process standard.³ *See Woods v. Cockrell*, 307 F.3d 553, 358 (5th Cir. 2002). To be sufficient, "[t]he evidence need not exclude every reasonable hypothesis of innocence or be completely inconsistent with every conclusion except guilty, so long as a reasonable trier of fact could find that the evidence established guilt beyond a reasonable doubt." *United States v. Terrell*, 700 F.3d 755, 760 (5th Cir. 2012). Under *Jackson*, a reviewing court determines "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319 (emphasis in original). The evidence must be viewed "in the light most favorable to the verdict, accepting all credibility choices and reasonable inferences made by the trier of fact which tend to support the verdict." *United States v. Moreno-Gonzales*, 662 F.3d 369, 372 (5th Cir. 2001) (quoting *United States v. Asibor*, 109 F.3d 1023, 1030 (5th Cir. 1997)); *see also Weeks v. Scott*, 55 F.3d 1059, 1061 (5th Cir. 1995) (a federal court may not substitute its view of the evidence for that of the fact finder, but must consider all of the evidence in the light most favorable to the verdict).

Here, the Twelfth Court of Appeals applied the appropriate standards of review and found the evidence sufficient to support the conviction. Giving due deference to "the responsibility of the trier of fact to fairly resolve conflicts in the testimony, to weight the evidence, and to draw reasonable inferences from basic facts to ultimate facts," the evidence presented at petitioner's trial was enough to support his conviction. *See Jackson*, 443 U.S. at 319. Furthermore, petitioner has failed to establish, let alone argue, the appellate court's denial of his insufficiency of the evidence grounds is a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. Petitioner has

---

³To the extent petitioner argues a claim of factual insufficiency, this claim does not support a claim for relief under federal habeas law. Claims of factual insufficiency are based entirely on Texas law. *See, e.g. Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."); *see also Woods v. Cockrell*, 307 F.3d 353, 358 (5th Cir. 2002).

4

failed to demonstrate that the state appellate court unreasonably applied the *Jackson* sufficiency standard. This claim, therefore, should be denied.

Petitioner next complains the state trial court erred in failing to instruct the jury as to the "two witnesses required" rule and that counsel was ineffective for failing to object to this error. In addition, he argues the trial court erred in failing to make the victim identify petitioner as the perpetrator after the competency hearing was completed. Plaintiff references Texas Code of Criminal Procedure, Articles 38.071, in addition to 38.17 and 38.20, § 5(b). *See* Objections, docket entry no. 51, pg. 5-6. Plaintiff provides no explanation as to how 38.071 and 38.20, § 5(b) apply in this case or how the trial court or petitioner's trial counsel erred with respect to these statutes. Regardless, these claims are not exhausted and are procedurally barred. *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1 (1991); *Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997). To the extent they could be considered exhausted, the claims lack merit as "federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (citing *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)). It is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. *Id*. (citing 28 U.S.C. § 2241; *Rose v. Hodges*, 423 U.S. 19, 21 (1975)).[4]

---

[4]Regardless, a review of the state statutes as referenced by petitioner reveal they either do not apply under the facts of this case or would not provide petitioner relief as he believes. Specifically, Article 38.071 applies only to a hearing or proceeding in which the court determines that a child younger than 13 years of age would be *unavailable* to testify in the presence of the defendant about an offense defined by certain enumerated offenses. TEX. CODE CRIM. P. 38.071 (Vernon) (preempted by *Coronado v. State*, 351 S.W.3d 315 (Tex. Crim. App. 2011). The present record, however, reflects that both the minor victim and the minor eyewitness testified at trial and were subject to cross-examination, making article 38.071 inapplicable. Article 38.17 is entitled the "[t]wo witnesses required," and states, "[i]n all cases where, by law, two witnesses, or one with corroborating circumstances, are required to authorize a conviction, if the requirement be not fulfilled, the court shall instruct the jury to render a verdict of acquittal, and they are bound by the instruction." TEX. C. CRIM. P. 38.17 (Vernon). Contrary to petitioner's belief, however, only cases of treason, perjury, and aggravated perjury require two witnesses. *Martin v. State*, 13 S.W.3d 133, 140 (Tex. App. – Dallas 2000, no pet) (citing TEX. CODE CRIM. PROC. ANN. Arts 38.15 & 38.18). The only time corroborating circumstances are required is when a conviction is based on the testimony of an accomplice, in certain circumstances when a defendant's oral statement resulting from custodial interrogation is admitted, and in certain circumstances in sexual assault and aggravated sexual assault cases. *Id.* (citing arts. 38.07, 38.14, 38.22 § 3(c)). Petitioner, however, was convicted of indecency with a child by exposure and contact pursuant to Texas Penal Code 21.11. And, pursuant to Texas Criminal Code Article 38.07, a conviction under Chapter 21 of the Texas Penal Code, "is supportable on the uncorroborated testimony of the victim of the sexual offense if the victim informed any person, other than the defendant, of the alleged offense within one year after the date on which the offense is alleged to have occurred." Art. 38.07. The present record reflects the child victim informed her father and the police of the alleged offense on the same day of the

Petitioner next newly claims his trial counsel should have impeached the victim's father as his testimony on direct and cross-examination was contradictory. *See* Objections, docket entry no. 51, pg. 6-7. First, this claim is not exhausted and is thus procedurally barred. *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1 (1991); *Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997). To the extent it could be considered exhausted, the claim also lacks merit. Petitioner references the testimony of Kenneth Oliver, the victim's father. On direct examination, he testified he saw petitioner wearing shorts and running through the trailer. On cross examination, trial counsel asked Mr. Oliver if petitioner was wearing jeans. Mr. Oliver responded "No," "he was wearing gold shorts if I remember right." *Id*. There is nothing inconsistent about these two statements and trial counsel's failure to impeach this witness cannot be deemed deficient performance. Petitioner has also failed to show how he was prejudiced by this alleged deficient performance. *Strickland v. Washington*, 466 U.S. 668 (1984).

Finally, petitioner briefly argues actual innocence as a gateway for federal habeas review of the procedurally defaulted claims. *See* Objections, docket entry no. 51, pg. 30. Where a state prisoner has defaulted a federal claim in state court by failing to follow applicable state procedural rules, the claim may not be reviewed in federal court unless the prisoner demonstrates cause for the default and actual prejudice as a result of the alleged error. *Sawyer v. Whitley*, 505 U.S. 333, 338 (1992); *Paredes v. Quarterman*, 574 F. 3d 281, 299 (5th Cir. 2009). To show cause for the

---

alleged offense. In addition, the child victim's sister, father and the police officer testified in the present case, providing corroborating testimony. Article 38.17 is thus inapplicable to the present case. Furthermore, this claim is, in essence, a challenge to the legal sufficiency of the corroborating evidence which was addressed above. Finally, petitioner appears to argue his conviction cannot be sustained as the police failed to prorperly use a lineup to identify him as the perpetrator to the relevant offense. Although less than clear, petitioner also appears to argue the trial court and/or his trial counsel erred in failing to find and/or argue the eyewitnesses identification in the present case should be barred from admssion at trial. Article 38.20 requires law enforcement agencies to adopt and implement written policies for administration of photograph identification procedures. *Id*. at §3(b). Any policy adopted must address procedures for assigning an administrator capable of "administering a photograph array in a blind manner or in a manner consistent with other proven or best supported practices designed to prevent opportunities to influence the witness." *Id*. at 3(c)(2)(F). Petitioner cites to article 38.20, § 5(b) which states, "[n]otwithstanding Article 38.23 as that article relates to a violation of a state statute, a failure to conduct a photograph or live lineup identification procedure in substantial compliance with the model policy or any other policy adopted under this article or with the minimum requirements of this aticle does not bar the admission of eyewitness identification testimony in the courts of the state." TEX. CODE CRIM. P. ART. 38.20(5)(b) (Vernon). By the affirmative language of the statute referenced by petitioner, failure of the police to comply with the model policy *does not bar* the admission of eyewitness identification testimony in the courts of the state.

procedural default, the prisoner must establish that some objective factor external to the defense impeded his efforts to comply with the state procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *Moore v. Roberts*, 83 F.3d 699, 704 (5th Cir. 1996). If the petitioner fails to show cause for the procedural default, the court need not consider whether he was prejudiced. *Meanes v. Johnson*, 138 F.3d 1007, 1011 (5th Cir. 1998). Petitioner has not met his burden. He has not shown, let alone argued, cause for the procedural default. And, although petitioner argues actual innocence, he has not provided sufficient support for this assertion to permit the conclusion that the failure to consider his defaulted claims with would result in a miscarriage of justice.

Based on the foregoing discussion, petitioner's objections are overruled. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.

Furthermore, the Court is of the opinion petitioner is not entitled to a certificate of appealability. An appeal from a judgment denying post-conviction collateral relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253. The standard for a certificate of appealability requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the petitioner need not establish that he would prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

In this case, petitioner has not shown that any of the issues would be subject to debate among jurists of reason. The questions presented are not worthy of encouragement to proceed further.

Therefore, the petitioner has failed to make a sufficient showing to merit the issuance of certificate of appealability. Accordingly, a certificate of appealability will not be issued.

**SIGNED this 15th day of March, 2016.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE