| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

ERNEST LAROE MAY, §
§
       Petitioner, §
§
*versus* § CIVIL ACTION NO. 9:13-CV-10
§
DIRECTOR, TDCJ-CID, §
§
       Respondent. §

## MEMORANDUM OPINION AND ORDER

Plaintiff Ernest Laroe May, an inmate at the Jester III Unit, proceeding *pro se*, brought the above-styled petition for writ of habeas corpus. The court dismissed the petition with prejudice on March 15, 2016.

Petitioner filed a motion to alter or amend judgment pursuant to Rule 59(e). Petitioner's motion was filed more than eight years after the final judgment was entered dismissing his petition.

FED. R. CIV. P. 59 provides in pertinent part the following:

(a)(1) *Grounds for New Trial*. The court may, on motion, grant a new trial on all or some of the issues - and to any party - as follows:

  (A)    after a jury trial, for any of reason for which a new trial has heretofore been granted in an action at law in federal court; or

  (B)    after a non jury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court.

(2) *Further Action After a Nonjury Trial*. After a nonjury trial the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment.

. . .

(e) Motion to Alter or Amend Judgment. A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.

Rule 60(b), FED. R. CIV. P., provides in pertinent part:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud …, misrepresentation, or misconduct by an

opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Because petitioner's motion was not filed within 28 days from the date of the judgment, the motion is untimely under Rule 59. Further, even affording the motion consideration under the more liberal Rule 60(b), the court is of the opinion that the motion fails to set forth a meritorious ground warranting relief. Accordingly, petitioner's motion should be denied.

## ORDER

For the reasons set forth above, petitioner's motion to alter or amend judgment should be denied. It is

**ORDERED** that petitioner's motion to alter or amend judgment (#64) is **DENIED**.

SIGNED at Beaumont, Texas, this 27th day of November, 2024.

_Marcia A. Crone_
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE